Arnold P. Etelson, J.
Defendant is charged with harassment in violation of section 240.25 of the Penal Law. At the ■trial the complaining officer alleged that he, the officer, was in the process of escorting a prisoner from the police station to the police car parked on the side of the street several feet away. He testified that defendant was yelling from across the street in the presence of two other persons to the effect that the officer should not treat colored people like dogs and should not handcuff the prisoner behind his back. The defendant then allegedly called the officer a jackass in a loud tone of voice. Whereupon, the officer asked, “ What did you call me?” The defendant’s reply was “a jackass.” The officer admits to having been called a jackass on other occasions without being-annoyed, but in this instance was annoyed by the use of the word in the surrounding circumstances.
Decision on defendant’s motion to dismiss at the conclusion of the People’s case was reserved. The defendant then testified that, in the company of his two friends, the three of them being black, he said while 25 to 30 feet from the officer, “is he a *697 jackass?” He testified that he observed that the prisoner’s handcuffs were secured too tightly. The court finds this observation to be highly questionable since the prisoner’s hands were behind his back and he was seated facing forward in the police car being observed by the defendant a distance in front of the car. Upon being questioned by the officer as to what he called him, the defendant’s reply was “ a jackass? ” noting the inflection of his voice. The defendants two friends testified substantially in conformity with the defendant’s testimony. One stated that the prisoner looked uncomfortable and that the officer was asked by the sergeant on duty as to whether he wanted to press charges.
The defendant would be found guilty of subdivision 2 of the section, if he, with intent to harass, annoy or alarm the officer, used abusive or obscene language in a public place. The place was public, the language not obscene. Was it abusive?
Assuming the officer’s version of the occurrence for the purpose of the motion, the court nevertheless holds that the People have not proved their prima facie case. Without condoning the behavior and actions of the defendant, the court is of the opinion that the use of the term “ jackass ” on two occasions, one of them being a repetition in answer to the question of the officer does not under the circumstances constitute a violation of the Penal Law.
To abuse has been defined as to malign, revile, maltreat, berate, to use harsh words or ill treatment, vilify, use wrongly or improperly insulting language, etc. Abusive is said to imply an outburst of harsh and scathing words against another.
The defendant’s actions border harassment and criticism of a public servant. The court holds that the use of the alleged offensive term “ jackass ” under the stated circumstances was not a use of abusive language. The information is therefore dismissed and the defendant discharged.